DICKENSON *against* ROGERS and RICHARDS.

THIS was an action of assault and battery and false imprisonment, tried at the *Warren* circuit, in *June*, 1820, before Mr. Justice *Platt.* It was proved that the defendants, on the 9th of *December,* 1818, entered the plaintiff's shop, in *Caldwell,* in *Warren* county, and arrested the plaintiff, locked him up in the gaol of that county for the night, and on the next day took him to *Troy,* before the Recorder of that city. The defendants justified under a *warrant* issued by the Recorder of *Troy,* in the usual printed form, under his seal, against the plaintiff, on a charge of having received goods of *C. H.* of *Troy,* feloniously stolen, commanding the sheriff or any constable of the county of *Warren,* to cause the plaintiff to be brought before the said Recorder, &c. The counsel for the plaintiff objected to the reading of this warrant in evidence, on the ground that it was not in the name of the people of the state of *New-York.* The judge permitted the warrant to be read in evidence, saving the exception. The defendants then read in evidence another warrant issued by the Recorder of *Troy,* commanding, &c. in the name of people of the state of *New-York,* to *search* the shop of the plaintiff in *C.* for certain stolen goods specified in the warrant, and if they were found, or any part of them, to bring the body of the plaintiff before the said Recorder, &c. The jury, under the direction of the judge, found a verdict for the plaintiff, for six cents damages, subject to the opinion of the Court on a case containing the facts above stated.

The 31st article of the *Constitution* of the state, which ordains, "that all writs and other proceedings shall run in the name of the people of the state," &c. applies only to the Court of Chancery, and Courts of Record having common law jurisdiction. A *warrant,* therefore, issued by a justice of the peace, or other magistrate acting as a conservator of the peace, may be either in the name of the people, or of such magistrate, and it is most usually in the name of the justice.

*Z. R. Shepherd* for the plaintiff. He cited, 2 *Comyn's Dig.* Brief A. 2 *Inst.* 40. *Constitution of the State*, art. 31.

*Weston, contra.* He cited, 1 *Bl. Com.* 137. 2 *Burr.* 1187. 4 *Bl. Com.* 290. 2 *Bl. Rep.* 836. 5 *Johns. Rep.* 166.

SPENCER, Ch. J. delivered the opinion of the Court. If the warrant issued by the Recorder of *Troy* was a legal process, then, it is conceded, the defendant was entitled to a verdict. The objection is, that the warrant was not *in the name of the people of the state of New-York ;* and it was urged, on the argument, that the constitution was imperative in this particular, and that, therefore, the warrant was void. The constitution ordains, " that all writs and other proceedings shall run in the name of the People of the state of *New-York,* and be tested in the name of the Chancellor or chief Judge of the Court from whence they issue." This provision obviously extends only to the Court of Chancery, and Courts of Record having common law jurisdiction. The provision was meant to be co-extensive with the usage and practice of similar courts in *England.* The Recorder of *Troy,* having the powers of a judge of the Supreme Court in vacation, acted as a justice of the peace in issuing this warrant. It was a ministerial act, not one of a judicial character. It was issued by a magistrate as conservator of the peace, and not as the act of a court. It is perfectly well settled in *England,* that a warrant may be either in the king's name, or in the name of the justice himself; and the latter is the most usual. (*Hawk.* b. 2. ch. 13. s. 24. 2 *Hale,* 113. 1 *Chitty's* C. L. 32.)

The words of the constitution do not require the construction contended for ; and it cannot be believed that, with respect to justices' warrants, it was meant to innovate upon the law of the land.

Judgment for the defendants.